IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH CAMPBELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2241-B |
| | § | |
| TODD L. BEAR | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil tort action brought by Plaintiff Keith Campbell, an inmate in the Lynaugh Unit of the TDCJ-ID, against Defendant Todd L. Bear, a Houston chiropractor. On December 5, 2005, plaintiff tendered a *pro se* complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on December 16, 2005. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1981).

II.

Plaintiff was treated by defendant for a leg injury he allegedly sustained at work. As a result of the 0% impairment rating made by defendant, plaintiff was denied workers' compensation benefits. Plaintiff now sues defendant for defamation, false light, invasion of privacy, and intentional infliction of emotional distress due to this "fraudulent" impairment rating. He seeks damages totaling $6,358.00.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states or foreign nations. *See* 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff alleges no federal constitutional or statutory basis for his claim against defendant. Nor does the court have federal diversity jurisdiction. Assuming *arugendo* that the parties are citizens of different states,[2] the amount in controversy does not exceed $75,000. When asked to specify the relief sought in this lawsuit, plaintiff responded that he is seeking $6,358.00 in damages. (*Spears* Quest. #3). This allegation, presumably made in good faith, shows that the amount in controversy requirement has not been satisfied. *See Acosta v. Amoco Oil Co.*, 978 F.Supp. 703, 705

---

[2] Plaintiff states that he does not have current information regarding defendant's citizenship, but believes he resides in Houston, Texas. (*Spears* Quest. #4).

& n.5 (S.D. Tex. 1997), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The disposition of this case does not preclude plaintiff from suing defendant in Texas state court.